UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6185-CR-FERGUSON

UNITED STATES OF AMERICA )
)
)
v. )
)
)
TROY BROWN, and )
PAUL FERGUSON, )
)
              Defendants. )
_____)

**GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER**

The United States files this response to the Standing Discovery Order issued in this case.

This response is numbered to correspond to that Order.

- A. 1. The government is aware of recorded statements made by the defendants during the course of the investigation. Provided to defense counsel at the status conference of July 17, 2000 were the following videotape recorded meetings and audiotape recorded conversations identified by the DEA exhibit number: N-1 and N-6 (videotape recorded meetings); N-2, 3, 4, and 5 (audiotape recorded conversations).

  2. The government is aware of oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. Attached please find reports of oral statements made by each defendant subsequent to his arrest.

  3. The defendants did not testified before the Grand Jury.

  4. The NCIC record of the defendants will be produced upon receipt.

  5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States



        Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include: waiver of Miranda rights form executed by each defendant; consent to search form executed by defendant Ferguson; personal history statement obtained from each defendant; and 2 inventory sheets noting drugs received in Bahamas on June 14, 2000.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The undersigned prosecutor is presently aware of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue. Such information will be produced upon receipt from the investigating officers.

E. The government is unaware of any prior conviction of the informant who may testify for the government at trial.

F. The defendants were not identified in a show up, photographic or live line-up.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  Controlled substances are involved in the instant prosecution. The report analyzing the same will be produced upon completion.

L.  The government does not know of any vehicle allegedly used in the commission of this offense that is in the possession of the law enforcement.

M.  The government is unaware of latent fingerprints or palm prints which have been identified by a government expert as those of either defendant.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:  Between approximately 5:30 p.m. to about 6:30 p.m.
Date:  June 22, 2000
Place: Arby's Restaurant located on 17th Street in Fort Lauderdale, Florida.

Time:  Approximately 8:00 a.m. and 6:20 p.m.
Date:  June 14, 2000
Place: Freeport, Bahamas

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand-delivered this 17th day of July 2000 to Rick Freedman and Richard Moore, the White Building, Suite 200 One NE 2nd Avenue, Miami, Florida 33132.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY